# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JIMMY GIBSON, | ) |
| Plaintiff, | ) |
| VS. | ) No. 16-2657-STA-egb |
| JAMES HOLLOWAY, et. al., | ) |
| Defendants. | ) |

## ORDER DISMISSING CLAIMS AND GRANTING LEAVE TO AMEND

On August 11, 2016, Plaintiff Jimmy Gibson, who is currently incarcerated at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee, filed *pro se* a Complaint for damages under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted Gibson leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Gibson's claims arise from events during his incarceration at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. As such, venue is proper in this District. The Clerk is instructed to record the Defendants as Former WTSP Warden James Holloway, Former WTSP Warden Johnny Fitz, Lieutenant Thomas Shell, and Sergeant Brian Galloway. Gibson sues each Defendant in his official and individual capacities.

## BACKGROUND

Gibson alleges that on January 30, 2016, he witnessed another inmate, Wilson Nelly, stab a second inmate, Patrick Dunn, in the neck. (Compl. at 6, ECF No. 1.) Nelly also allegedly cut Gibson on the hand during the assault. (*Id.*) According to Gibson, the alleged assault occurred

in unit 9-A-Pod, a housing pod for low security inmates. (*Id.*) Gibson claims that he was a minimum trustee inmate and should have been housed in the annex, and not with the inmates in 9-A-Pod. (*Id.*) Gibson alleges that unnamed WTSP staff acted negligently by assigning him to the pod where the assault took place. (*Id.*) Gibson further alleges that unnamed WTSP staff failed to keep the door to the pod locked and failed to notice that Nelly was out of place. (*Id.* at 7.) According to Gibson, the officer assigned to the pod, Officer Sondra Thorpe, who is not a party to this action, did not use chemical spray to subdue Nelly and failed to alert other staff to the fact that Nelly was not supposed to be in the pod at the time of the assault. (*Id.*) WTSP staff investigated the assault but failed to recognize that Nelly was in the wrong housing unit. (*Id.*) As a result of the investigation, Gibson claims that WTSP staff moved him to segregation. (*Id.*) Gibson claims that he attempted to raise his concerns about his safety with former WTSP Warden James Holloway ("Warden Holloway"), and Warden Holloway ignored Gibson. (*Id.*) Gibson now seeks $2 million in compensatory damages and $2 million in punitive damages for negligence, emotional distress, and cruel and unusual punishment. (*Id.* at 9.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the Federal Rule Civil Procedure 12(b)(6) pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*,

2

550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And district courts are not required "to ferret out the strongest cause of action on behalf of *pro se* litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## ANALYSIS

Gibson filed his *pro se* Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

3

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Gibson seeks to hold several officials at WTSP liable for injuries he allegedly sustained while he was housed at the facility. The Court concludes, however, that Gibson has failed to state a plausible claim for relief against any of these Defendants. The Court analyzes each claim in turn.

**I. Official Capacity Claims**

As an initial matter, the Court holds that the Complaint fails to state a claim against any Defendant in his official capacity. Official capacity claims against a state employee are construed as claims against the State of Tennessee itself. Gibson cannot sue the State of Tennessee under 42 U.S.C. § 1983 for two basic reasons. First, a state is not a "person" within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002). Second, the State of Tennessee is immune from most suits under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has held that the Eleventh Amendment prohibits citizens from suing their own states in federal court unless the state has waived its sovereign immunity or Congress has abrogated state sovereign immunity. *Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011). Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102. Congress has

taken no action to abrogate any state's immunity from suit under section 1983. Therefore, Gibson's official capacity claims must be **DISMISSED**.

**II. Warden Holloway's Failure to Act**

Turning now to Gibson's claims against Defendants in their individual capacities, Gibson alleges that he raised concerns about his safety with Warden Holloway, though the Complaint does not state how Gibson communicated his concerns to Warden Holloway, when Gibson raised the issue with Warden Holloway, or what specifically Gibson said or wrote to Warden Holloway. Without these details the exact nature of Gibson's complaint to Warden Holloway is not clear. The gravamen of the claim is that Warden Holloway failed to take corrective action in response to Gibson's complaint. Whatever the nature of Gibson's complaint about his safety concerns, Gibson has no cause of action against Warden Holloway for failing to investigate or take remedial measures. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). Furthermore, failure to take corrective action in response to an inmate grievance or complaint does not supply

the necessary personal involvement for section 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Gibson cannot hold Warden Holloway liable merely because he failed to take action in response to Gibson's complaint. Therefore, Gibson's individual capacity claims against Warden Holloway are **DISMISSED**.

### III. Eighth Amendment - Failure to Protect

This leaves Gibson's individual capacity claims against WTSP Warden Johnny Fitz ("Warden Fitz"), Lieutenant Thomas Shell ("Lt. Shell"), and Sergeant Brian Galloway ("Sgt. Galloway"). As a threshold matter, the Complaint contains no factual allegations against any of these Defendants. Gibson has simply named these individuals as parties to the action. A complaint that fails to allege any action at all by a defendant necessarily fails to "state a claim for relief that is plausible on its face" as to that defendant. *Twombly*, 550 U.S. at 570. Without some allegation that any of these prison officials were aware of a threat to Gibson's safety or his need for protection, Gibson has failed to plead a plausible Eighth Amendment claim. The Complaint against Warden Fitz, Lt. Shell, and Sgt. Galloway is subject to dismissal for this reason alone.

Even if Gibson's Complaint alleged that any or all of these prison officials failed to protect him from another inmate, Gibson has failed to state a claim for deliberate indifference. In order to make out an Eighth Amendment failure-to-protect claim, a prisoner must show that a prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[D]eliberate indifference

describes a state of mind more blameworthy than negligence." *Id.* at 835. Gibson cannot hold any of the individual Defendants liable unless he can show that Warden Fitz, Lt. Shell, or Sgt. Galloway subjectively knew of an excessive risk of harm to Gibson's safety and then disregarded that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not state a claim for deliberate indifference. *Id.* at 838; *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment."). Viewed in a light most favorable to Gibson, the Complaint only alleges that prison officials acted negligently, which falls short of the deliberate indifference standard. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Without some plausible allegation that any of the individual Defendants were aware of the risk to Gibson's safety posed by the other inmate and disregarded the risk, the Complaint fails to allege that the individual Defendants were deliberately indifferent to Gibson's safety. Therefore, Gibson's individual capacity claims against Warden Fitz, Lt. Shell, and Sgt. Galloway are **DISMISSED**.

**IV. Leave to Amend**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, the Court holds that Gibson cannot cure the defects in his failure-to-act claim against Warden Holloway. As such, an amended pleading against Warden Holloway would be futile. However, the Court finds cause to permit Gibson to amend his failure-to-protect claim in order to plead additional facts in support of the claim.
7

## **CONCLUSION**

The Court **DISMISSES** Gibson's Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, leave to amend is **GRANTED** but only as to Gibson's failure-to-protect claim. Any amendment must be filed within thirty (30) days of the date of entry of this order. Gibson is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. The text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Gibson fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Gibson is reminded that he must promptly notify the Clerk, in writing, of any change of address, transfer to another facility, release from custody, or extended absence.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 7, 2018.